IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMIE LEWIS BROWN | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv496 |
| RUSK COUNTY PROSECUTOR, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Jimmie Lewis Brown, an inmate confined in the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brings this civil rights action against several defendants.

## Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred in Rusk County, Texas. Plaintiff claims therefore arose in Rusk County. In addition, the individual defendants appear to reside in Rusk County. Pursuant to 28 U.S.C. § 124, Rusk County is located in the Eastern District of Texas. As a result, venue regarding plaintiff's claims is proper in this court. However, while Rusk County is in the Eastern District of Texas, it is in the Tyler Division, rather than the Beaumont Division.

When a case is filed in the wrong division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, this lawsuit will be transferred to the Tyler Division of this court.

## ORDER

For the reasons set forth above, it is **ORDERED** that this matter is transferred to the Tyler Division of this court.

**SIGNED this the 5th day of November, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE